WILLIAM DRYSDALE v. LOUIS E. PRADAT, Tax Collector.

1. CHARTER OF BILOXI — REVENUE LAW OF 1870 — CONSTRUCTION OF STATUTE. — The third section of the charter of Biloxi, which confers power on the municipal authorities to license certain establishments and apply the proceeds to school purposes in the town, does not exempt the establishments thus licensed from the payment of the tax imposed by the fourth section of the revenue act of 1870.

2. REVENUE LAW OF 1870 — LICENSES TAXABLE. — Licenses are regarded as property, and, as such, are taxable, and the revenue law of 1870 imposed a tax on licenses. The last proviso of section six of said act has reference to the "license" only, and not to the tax. Those who had license, at the date of the act, are subject to the tax which was imposed upon the license.

3. CASE IN JUDGMENT — JURISDICTION. — This case is within the rule announced in Coulson v. Harris, 43 Miss. 728, and contains no ground for the interposition of equity.

APPEAL from the chancery court of Harrison county. HENDERSON, Chancellor.

The opinion of the court contains a full statement of the allegations of the bill, which was the subject of review, and of the charter of Biloxi, which was the subject of construction, leaving no statement of facts for the reporter to make.

*W. P. Harris*, for appellant.

This is a bill filed to enjoin the forcible collection of the privilege tax of 1870, described in sec. 4, p. 28, Laws of 1870.

The tax is alleged not to be due on two grounds: 1st. That the power to levy the tax or to exact a license fee under the act of 1870 does not exist in the state, for by the unrepealed charter of the city of Biloxi, the power to license inns and taverns and retail liquor dealers was vested exclusively in the city, and the income thereof dedicated to schools within that city, and that such charter unrepealed gives a vested right in the license tax to the city, and that the power to license and the right to proceeds belong to the city and cannot be taken away; 2d. That by the sixth section of act of 1870, those who at its passage were exercising the franchise under license were exempt from the privilege tax until such license expired. Laws of 1870, p. 30, § 6.

We do not understand that in the court below the point was made that the remedy was at bar. The general formula, "want of equity," means nothing. The grounds taken in the demurrer were that the law of 1870 and the town charter might both stand, and that the tax of 1870 was cumulative, and that the bill did not distictly aver that the party was exercising the trade under a license when the tax was demanded.

As to the first point we have the case of The Mayor of Aberdeen v. Female Academy, 13 Smedes & Marsh. 645, which settles the doctrine which it is thought controls here. There is no repeal of the charter and we would not construe the act of the legislature as designed to take away the right and power of the city without plain words and omitting to a repeal of the charter. That the legislature did not design to impose a cumulative tax — mount a tax on a tax — is inferred from the sixth section, which exempts trades already licensed where the license has not expired. This shows the general purpose to have but a single license tax, and as there is no apparent design to interfere with chartered rights of cities and their citizens, the act will not be held to abolish rights by implication.

The second objection is without any force. The license was obtained according to law. It was obtained in May, 1870, and had a year to run, and the act was passed July, 1870.

If the court considers this case as raising the point that there was adequate remedy at law, I beg to say that this case presents the case of conflicting claims to the tax, and that a seizure and sale, there being nothing to show that the levy is illegal, and the fact that a party has a license being a matter *in pais*. As a citizen he was interested in the city franchise which is about to be infringed. The redress is simply impracticable at law in this aspect of the case, and added to this is the double tax or paying twice for license. These propositions are the propositions on which the bill was filed, and I submit them for consideration.

The construction placed on the act of 1870 is that the privilege tax is a license, the certificate of the chancery clerk being a license to retail ; that this license takes the place of the provisions of the Code and the act of 1865. The object of the bill is to test the construction of the act of 1870 in connection with the charter of Biloxi which contains a provision similar to that of Ocean Springs act of 1854, p. 417, § 7.

No counsel for appellee.

TARBELL, J. :

William Drysdale, a resident of Biloxi, in this state, on the 6th day of May, 1870, as he alleges in his bill of complaint hereafter mentioned, obtained from the authorities of that city "a license to retail therein vinous and spirituous liquors, or to keep a coffee house,".for one year from the above date. On the 9th day of July, 1870, the revenue law of that year went into operation. The tax collector of Harrison county having demanded of Drysdale $200 as a "privilege tax" for retailing vinous and spirituous liquors, under the fourth section of the law of 1870; and the further sum of $50 for keeping an inn and tavern, the latter filed his bill in the chancery court of said county, to restrain the collection of those sums. The complainant represents, that by the charter of the city of Biloxi, the corporate authorities thereof have the exclusive right to license persons within the corporate limits to keep boarding houses, coffee houses, and to retail vinous and spirituous liquors, and that the money arising from such licenses is given exclusively to the public schools, by the charter granted by the legislature to said city, and asserts that the authority to grant licenses and the dedication of the money arising therefrom to the public schools, are vested rights, claiming that the provisions of the charter have not been, and cannot be, repealed. He further represents, that the sixth section of the law of 1870 enacts that no license shall be required of any person, who

may have obtained a license according to law, until after the expiration of the term for which such license may have been granted, and that the license granted to him by the corporate authorities of Biloxi will not expire until the 6th day of May, 1871, by virtue of which he avers he is exempt from other and further tax, for the cause aforesaid, until the expiration of his said license on May 6, 1871, and insists that he is thus in the exercise of a vested right of which he cannot be deprived. The bill prays for an injunction and general relief. The tax collector demurred to the bill, stating the following causes of demurrer: 1st. There is no equity in the complainant's bill ; 2d. It is not alleged or shown in complainant's bill that he is or was at the time of suing out said injunction a licensed vendor of vinous, spirituous or malt liquors under any law of this state ; 3d. The imposition of said tax in complainant's bill mentioned does not take away or impair the right of said corporate authorities to grant licenses for the purposes in said bill mentioned ; 4th. It does not take away or impair any right conferred upon complainant by said license, and is not in violation of any contract.

The demurrer was sustained and the bill dismissed, whereupon the complainant appealed to this court, and submits here the following allegation of error, upon which he asks that the decree of the chancery court sustaining the demurrer and dismissing the bill be reversed, viz. : "That the court erroneously sustained the demurrer of defendant to complainant's bill and erroneously dismissed said bill."

That portion of the charter of Biloxi referred to in the complainant's bill is as follows :

"Section 3. *Be it further enacted :* That the president and selectmen shall have authority, and they are hereby required to grant a license, the amount to be fixed by them, and the proceeds to be paid into the treasury of the incorporation for school purposes, upon the following establishments, viz. : upon each beer house a license of not less than $25, and upon all fruit stores, oyster houses, candy shops,

and all business houses, a license of not less than $10 each."
Approved January 20, 1860.    *Vide* Pamphlet Acts for 1859.

It will be noticed that the "establishments" which the authorities of Biloxi were authorized to "license" under their charter, were, 1st. Beer houses; 2d. Fruit stores; 3d. Oyster houses; 4th. Candy shops; 5th. "All business houses." There is no special authority to license retail liquor houses and inns and taverns, except under the last class, "all business houses." The charter of Biloxi, and that of Aberdeen to which we have been referred by counsel, in connection with 13 Smedes & Marsh. 675, are unlike in this, that the charter of the latter city expressly confers upon the corporate authorities the sole and exclusive power to grant licenses to retail vinous and spirituous liquors within the corporate limits. The case of the Trustees, etc., v. The Mayor, etc., of Aberdeen, 13 Smedes & Marsh. 675, decides only, that the money arising from licenses could not be diverted to purposes other than those specified in the charter, until the repeal of the charter, recognizing the power of the legislature to alter, amend, or repeal the act of incorporation, at discretion.

Section four of the revenue act of 1870 provides, "That "a tax on privileges shall be levied, as follows, to wit: "* * * On each and every licensed vendor of vinous or spirituous or malt liquors, two hundred dollars." On all licensed inns, taverns, hotels and restaurants, "fifty dollars."

Section six of that law enacts, "That no assessment of taxes imposed by the fourth section of this act shall be required; but any person or persons wishing to follow, in this state, any of the callings, trades or professions therein enumerated, shall first pay the taxes thereby imposed, to the tax collector of the proper county, taking said tax collector's receipt for the same, which receipt he shall file in the office of the clerk of the chancery court of said county, and said clerk shall give him in lieu thereof, a certificate, under the seal of said court, that said tax has been paid for one year from the date of

said receipt, and that said clerk shall forward, on the first Monday of each month, to the auditor of public accounts a certified statement of the taxes so paid to the tax collec-.tor of his county,    *    *    *    provided, That all keepers of inns, taverns, hotels, restaurants, and all vendors of vinous, spirituous or malt liquors, in quantities less than one gallon, including all druggists who may so sell such liquors, shall first obtain a license so to do, in the manner now required by law ;" and provided further, That no license shall be required of any person who may have obtained a license according to law, until after the expiration of the term for which such license may have been heretofore granted."

Without regard to the question of equity jurisdiction, we do not think the bill of the complainant can be sustained on any ground,  Most of the questions involved are solved in Coulson v. Harris, 43 Miss. 728.  The object of the law of 1870 was to raise a revenue, and does not necessarily conflict with the charter of Biloxi.  Its requirements, as quoted above, are plain and simple, and sufficiently explain themselves.  The taxes of 1870, including those of city, county and state, may have been onerous, but the power of the sovereign authority to tax within the limits of the constitution and laws, is not open to question, licenses being regarded as property.  By the charter of Biloxi, we do not understand the legislature to have waived nor trans-ferred the right of taxing the business and property of the people of that city, nor to have conferred any exclusive rights or privileges upon the corporate authorities, certainly not beyond the power to control the money raised by them, in the manner authorized by their charter, so long as it remains unrepealed.  Were it otherwise, the bulk of the property within the city of Biloxi would be wholly exempt from other taxation than that assessed by the corporate authorities.  The law of 1870 does not interfere with the license.  That must be obtained for the prosecution of cer-tain classes of business, as before, but the tax levied by

that law must be paid as required by its provisions, the last proviso of section 6 having reference to the "license" only, and not to the tax. The provision in the charter of Biloxi, authorizing and requiring the city government to raise a fund for school purposes by a license of the various "business houses" within the chartered limits, we do not conceive to have conferred, or was intended to confer, any exclusive rights, but was designed simply to enable and it required the local authorities to levy a tax, but not an exclusive one, for a very worthy object. The power to tax further by the state or county is not impaired, and evidently was not intended to be.

The complainant first states in his bill, that he holds a license from the corporate authorities of Biloxi, "to retail vinous and spirituous liquors, or to keep a coffee-house." Further along he avers that the tax collector has full knowledge of the fact, that "he has a license to keep a coffee and boarding house." A copy of the license is averred in the bill to be annexed thereto as an exhibit, but no such paper is in the record. The discrepancy and uncertainty of the bill, as to the business of the complainant and the character of his "license," taken in connection with the charter of Biloxi, and the law of 1870, are significant, if not important.

In the same connection, the provisions of the charter of Aberdeen, to which we have been referred, present by contrast the absence of any solid grounds of relief in the case at bar in a still stronger light. The following are the material portions of the charter of Aberdeen, interpreted in 13 Smedes & Marsh. 675 :

" Section 4. * * * The mayor and aldermen shall have the sole power of granting license for retailing spirituous liquors in said town, and regulating the price and time of payment," etc.

" Section 9. *Be it further enacted :* That the amount of all licenses assessed and received, and all fines and forfeitures that may arise or accrue, or that may be assessed in virtue

of this act shall inure to said corporation for the use of said town."

The charter of Biloxi is but a peremptory direction to raise a fund for a special purpose, upon property named, while the charter of Aberdeen expressly grants an exclusive privilege and dedicates the funds so raised "to the corporation for the use of the town." In the one, the legislature did not in fact, and evidently did not intend to convey exclusive rights, and in the other the "sole" right is granted in express terms.

But this case is within the rule in Coulson v. Harris, *supra*. The attention we have given to it has been because of the allegation by the complainant of vested rights. We find the case without equity or merit, and not within the class of exceptional cases, which the court would entertain. There is nothing in the conflict of claims to the tax in litigation suggested by counsel. The tax raised for school purposes by the authorities of Biloxi, and those collected under the revenue law of 1870, are too distinct to create any such conflict, except by a gross and malicious interference by the one party or the other.

The decree of the court below is affirmed.