## YAZOO CITY v. THE STATE OF MISSISSIPPI.

1. CONSTITUTIONAL LAW—LIQUOR LICENSE MONEY—SCHOOL FUND.—Section 6 of article 8 of the Constitution of Mississippi inviolably devotes monies, arising from liquor licenses in this state, to the school funds, and any city charter or other enactment which proposes to divert these revenues to any other object is unconstitutional and void.

ERROR to the Yazoo circuit court.   CUNNINGHAM, J.

The facts are apparent in the opinion of the court.

*Miles & Epperson,* for plaintiff in error.

The only point involved in this case is, whether the state or Yazoo city is entitled to the money collected for licenses granted by Yazoo city to persons to retail vinous and spirituous liquors within the city limits, since the 8th day of April, 1872?

We contend that this fund belongs not to the state, but to Yazoo city.

Section 6, of article 8 of the State Constitution, among

other things, provides that "there shall be established a common school fund, which shall consist of * * all moneys received for licenses granted under the general laws of the state for the sale of intoxicating liquors, or keeping of dram shops." Section 2457, of the Code of 1871, authorized the corporate authorities of every incorporated city or town to grant to residents of such city or town license to sell, by retail in any quantity, vinous and spirituous liquors within same, for the period of twelve months; and this section further provides that "the sums received for such licenses, to be for the use of the common school fund, and paid into the state treasury for that purpose."

Thus the law stood on this subject as affecting Yazoo city, up to the 5th day of April, 1872, when "An act to amend the charter of Yazoo city" was passed, by section 15 of which it is provided, "that the said mayor and aldermen shall have power by ordinance, * * * to license and to tax * * * all places where wines and spirituous liquors are kept for sale in less quantities than one gallon, and to tax and license the retailing in such quantities of said liquors, according to the existing regulations of this state concerning retailing." By this act, it would seem that the power "to license and tax" the houses used as "dram shops," as also the power to "tax and license" the privileges of retailing of liquors as well, are given to Yazoo city. Section 18, page 11, of said amended charter provides "that all moneys accruing from taxes or licenses levied or granted by said mayor and aldermen upon or to retailers of vinous or spirituous liquors and keepers of billiard tables, shall, after being collected and paid into the treasury of the city, be appropriated and used for such purposes as may be ordered by said mayor and aldermen, not inconsistent with the constitution of this state."

Section 3, page 2, of said amended charter provides,

that from and after the second Monday of April, 1872, the municipal government of Yazoo city shall vest in a mayor and eight aldermen, and   *   *   (among other officers) a treasurer.

Defendant below, by his answer, admits that, as such treasurer, and since said second Monday of April, 1872, he had received, at various times, and from divers persons, sundry sums of money for licenses granted by Yazoo city to retail liquors therein, the sum of $1,700, and he claims that this sum belongs to Yazoo city, and not to the school fund of the state.

We submit that the state can only claim this fund on the ground that it was received for licenses granted under the "general laws" of the state. We contend (as stated in the answer of defendant below) that said sum of $1,700 was money received for licenses granted under said amended charter; and we further contend that said amended charter is not a "general law" of the state, but that it is a local or special law, applicable only to a local or special place or defined district of territory within the state. Acts 1872, p. 115, § 6; p. 117, § 10. A "general law" of the state is one operative and effective throughout the state, except in so far and to such an extent as its operation and force may be suspended or superseded by local or special act in particular places or defined districts of territory within the state.

Sec. 2457, of the Code of 1871, is a "general law," and as such is generally operative throughout the state, except within the defined corporate boundaries of Yazoo city; within those boundaries it is not operative, and has not been since the 5th of April, 1872, the day when said amended charter became a law. This being so, then it follows that said sum of $1,700 does not belong to the common school fund of the state, and is not liable to be paid into the state treasury, but it belongs to Yazoo city, to be by said city "appropri-

ated and used for such purposes as may be ordered by its board of mayor and aldermen, not inconsistent with the constitution of this state."

*J. S. Morris*, attorney-general.

The authority granted to the mayor and aldermen of Yazoo city to license and tax the sale of liquors, etc., "under the existing regulations of this state concerning such retailing," certainly does not repeal or limit the operation of "the existing regulation" contained in section 2457 of the Code. On the contrary, the manifest intention is to preserve that regulation entire, and to apply it and all other existing regulations of the state to licenses when issued by the municipal government of Yazoo city.

Besides, section 18 of the charter, as amended, keeps the same idea in view by its express reference to the constitution of this state.

So construed, this amended charter harmonizes with the constitution. Otherwise, it is unconstitutional. See State Const. art. 8, § 6.

TARBELL, J.:

*Mandamus* to compel the treasurer of the city of Yazoo to pay over to the treasurer of the state monies received by the former in payment of licenses in said city, to sell vinous and spirituous liquors. The writ was awarded by the circuit court, whereupon the city treasurer brought the case to this court. The only error assigned is the action of the court in sustaining the petition and granting the writ.

This is an attempt to evade, by a city charter, section 6, of article 8, Constitution of Mississippi, by which all monies received for licenses to sell vinous and spirituous liquors are dedicated to the support of common schools. The authorities of Yazoo city are empowered to raise moneys for local purposes, but the

constitution stands in the way of their retention of the money belonging to the common school fund, and which should be paid over to the state treasurer, under section 2457, Code of 1871.

This case is, in its spirit and essential elements, particularly in the claim set up to the " exclusive " right in the municipal authorities to the monies arising from licenses for the sale of intoxicating liquors, like that of Drysdale v. Pradat, 45 Miss. 445.

The charter of the city of Yazoo is subordinate to the constitution and to the code.

*Judgment affirmed.*